UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


TYRONE PHIPPS ROBINSON,

                    Petitioner,

v.                                              CIVIL ACTION NO. 05-CV-40091-FL
                                                HONORABLE PAUL V. GADOLA

ANDREW JACKSON

                    Respondent.
_____/

## OPINION AND ORDER DENYING PETITION
## FOR WRIT OF HABEAS CORPUS

**I.      Introduction**

Petitioner Tyrone Phipps Robinson, a state prisoner currently confined at the Mound Correctional Facility in Detroit, Michigan, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Respondent Andrew Jackson is the warden at the Mound Correctional Facility. Petitioner was convicted of armed robbery, assault with intent to rob, felon in possession of a weapon, resisting a police officer, and three counts of possession of a firearm during the commission of a felony following a jury trial in the Oakland County Circuit Court in 2002.  He was sentenced as a third habitual offender to concurrent terms of 20 to 60 years imprisonment on the robbery and assault convictions, a concurrent term of five to 10 years imprisonment on the felon in possession conviction, a concurrent term of one year in jail on the resisting conviction, and three concurrent terms of two years imprisonment on the felony firearm convictions to be served consecutive to the other sentences.

In his pleadings, Petitioner raises a Fourth Amendment claim. Specifically, Petitioner alleges that the state trial court erred in denying his motion to suppress evidence found pursuant to a stop and search of his vehicle where the police lacked reasonable suspicion for the stop.

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *See id.*, *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *See Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that Petitioner's habeas claim is meritless, such that the petition must be denied.

## II.     Facts and Procedural History

Petitioner's convictions stem from his armed robbery of a gas station on December 11, 2001 in Southfield, Michigan. The Michigan Court of Appeals described the underlying facts as follows:

> At 1:12 a.m. on December 11, 2001, a black male entered the Mobil gas station on the corner of Greenfield Road and 11 Mile Road in Southfield. The man, who wore a ski mask and carried a revolver, fired a shot into the floor and demanded money. The gas station clerk complied and then called the police after the man fled. In response to a dispatch about the robbery, Southfield Police officers Walter Menzel and Paul Kinal proceeded to the corner of Greenfield and Eight Mile Road. Based on their training, they believed that the robber would likely attempt to flee south into Detroit and Greenfield was the most direct route into the city from the scene of the robbery. Approximately three to five minutes after the robbery, defendant, traveling south on Greenfield, approached the officers' position. The officers trained their

2

spotlights on defendant's minivan and noticed that he fit the description of the robbery suspect. The officers stopped defendant's vehicle and found money and a revolver on the floor under the front seat. The gas station owner later identified some of the money found in defendant's possession and a firearm examiner testified that the bullet fragment found inside the store was fired from the gun taken from defendant's vehicle.

*People v. Robinson*, No. 242982, 2004 WL 405904 (Mich. Ct. App. March 4, 2004) (unpublished).

Prior to trial, Petitioner filed a motion to suppress the evidence derived from the stop of his vehicle and the related search of the vehicle. The trial court denied the motion.

Following his convictions and sentencing, Petitioner filed an appeal as of right with the Michigan Court of Appeals asserting the same claim contained in the present petition. The Michigan Court of Appeals addressed the issue in some detail and affirmed his convictions. *People v. Robinson*, No. 242982, 2004 WL 405904 (Mich. Ct. App. March 4, 2004) (unpublished). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Robinson*, 471 Mich. 885, 688 N.W.2d 506 (2004).

Petitioner signed the present habeas petition on March 9, 2005, asserting the following claim as grounds for relief:

> The trial court reversibly erred in denying the defense motion to suppress evidence found pursuant to the stop and search of Mr. Robinson's vehicle, as the court erred in finding the police has sufficient reasonable suspicion to stop the vehicle.

The Court has not required Respondent to file an answer to the petition.

## III.     Standard of Review

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his habeas petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

In *Williams v. Taylor*, 529 U.S. 362 (2000), the United States Supreme Court undertook a detailed analysis of the correct standard of review under the AEDPA.  According to the Court:

Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied – the state-court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.* at 412-13 (O'Connor, J., delivering the opinion of the Court on this issue).

In evaluating a state court decision under the "unreasonable application" clause, the Supreme Court further stated that a federal habeas court "should ask whether the state court's application of clearly established federal law was objectively unreasonable."  *Id.* at 411.  "Under § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application

4

must also be unreasonable." *Id.*

The Supreme Court also clarified that the phrase "clearly established Federal law, as determined by the Supreme Court of the United States," refers to "the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Id.* at 412. In determining what constitutes clearly established federal law, therefore, a federal habeas court must look to pertinent United States Supreme Court precedent.

Lastly, this Court presumes the correctness of state court factual determinations. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

## IV.   Analysis

As noted, Petitioner claims that he is entitled to habeas relief based upon an alleged violation of the Fourth Amendment. Federal courts will not address a Fourth Amendment claim upon habeas review if the petitioner had a full and fair opportunity to litigate the claim in state court and the presentation of the claim was not thwarted by any failure of the state's corrective processes. *Stone v. Powell*, 428 U.S. 465, 494-95 (1976). A court must perform two distinct inquiries when determining whether a petitioner may raise a claim of illegal arrest in a habeas action. First, the "court must determine whether the state procedural mechanism, in the abstract, presents the opportunity to raise a fourth amendment claim. Second, the court must determine whether presentation of the claim was in fact frustrated because of a failure of that mechanism." *Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir. 2000) (quoting *Riley v. Gray*, 674 F.2d 522 (6th Cir. 1982)).

Michigan has a procedural mechanism which presents an adequate opportunity for a criminal defendant to raise a Fourth Amendment claim. *See, e.g., People v. Ferguson*, 376 Mich.

5

90, 93-94 (1965) (motion to suppress), *People v. Harris*, 95 Mich. App. 507, 509 (1980). Petitioner

has not shown that a failure of that procedural mechanism prevented him from litigating his claim.

The record reveals that Petitioner challenged the propriety of the vehicle stop and resulting search

and seizure by filing a motion to suppress prior to trial. The state trial court denied the motion.

Petitioner again raised this issue before the Michigan Court of Appeals and the Michigan Supreme

Court, which denied him relief. Given this record, it is clear that the Michigan courts were

cognizant of Petitioner's Fourth Amendment claim and that he received all the process he was due.

Accordingly, any claim concerning the validity of the stop and resulting search and seizure is not

cognizable on habeas review pursuant to *Stone v. Powell*. Habeas relief is not warranted on this

claim.

## V.    Conclusion

For the reasons stated, this Court concludes that Petitioner is not entitled to federal habeas

relief on the claim presented in his petition.

Accordingly,

**IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED WITH

PREJUDICE**.

**IT IS FURTHER ORDERED** that, if Petitioner desires to seek a certificate of

appealability ("COA"), Petitioner may file a **MOTION** for a COA with this Court within

**TWENTY-ONE (21) DAYS** of filing a notice of appeal and shall support this motion with an

appropriate brief, both of which shall comply with the Local Rules of this Court. *See Castro v.

United States*, 310 F.3d 900, 903 (6th Cir. 2002) (**"We do encourage petitioners as a matter of

prudence to move for a COA at their earliest opportunity so that they can exercise their right

**to explain their argument for issuance of a COA.”** (emphasis added)).  Respondent may file a response with an appropriate brief, both of which shall comply with the Local Rules, within **FOURTEEN (14) DAYS** of service of Petitioner's motion for a COA.

<br>

                                   s/Paul V. Gadola
                                   PAUL V. GADOLA
                                   UNITED STATES DISTRICT JUDGE

DATED:   April 20, 2005

---

### Certificate of Service

I hereby certify that on   April 21, 2005  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

_____,
and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:   Tyrone Robinson   .

                                   s/Ruth A. Brissaud
                                   Ruth A. Brissaud, Case Manager
                                   (810) 341-7845